IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOLANTA LESZCZYNSKI,<br><br>    Plaintiff,<br><br> v.<br><br>MPR MANAGEMENT,<br><br>    Defendant. | No. 15 C 5860<br><br>Hon. Harry D. Leinenweber |

**ORDER**

Plaintiff Jolanta Leszczynski's applications for leave to proceed *in forma pauperis*, (ECF No. 4), and for attorney representation, (ECF No. 5), are denied without prejudice. The Court also dismisses Plaintiff's complaint without prejudice. Plaintiff is granted thirty days from the date of this order to refile a complaint, an application to proceed *in forma pauperis*, and an application for attorney representation that correct the deficiencies outlined below.

**STATEMENT**

On July 2, 2015, Plaintiff filed a form complaint and attached to it an application to proceed *in forma pauperis* and for appointment of counsel. In evaluating an application for leave to proceed *in forma pauperis*, the Court first must determine whether the plaintiff is unable to pay the costs of the case. 28 U.S.C. § 1915(a). The Court is unable to do so, however, because Plaintiff failed to answer several questions on the application. For example, Plaintiff failed to answer Question 5 regarding whether Plaintiff or anyone living at Plaintiff's residence has more than $200 in cash or in a checking or savings account. Plaintiff also failed to answer Question 8 regarding automobiles and Questions 10 and 11 regarding dependents that rely on Plaintiff for financial support. The Court notes that these questions have an option for an applicant to check "none" if the question does not apply. Plaintiff's application to proceed *in forma pauperis* is therefore denied without prejudice. Moreover, without the means to analyze Plaintiff's financial status, the Court must also deny Plaintiff's application for attorney representation.

If Plaintiff had established an inability to pay the costs of the case, the Court would next consider whether the complaint is

frivolous or malicious, or whether it should be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). Plaintiff's form complaint does not include enough information for the Court to make such a determination. The Court advises Plaintiff to read the instructions carefully in the form complaint before refiling. The Court notes, for example, that Plaintiff has checked the box indicating that a related lawsuit was filed in this district. If that is true, the instructions call for listing that case. The complaint also indicates that criminal charges against Plaintiff are pending but provides no further information. Finally, Plaintiff's written description of the case does not contain enough details for the Court to determine whether Plaintiff has a viable claim. The description often refers to "they" without indicating who "they" are, and it is unclear exactly what Plaintiff complains of. At one point the description talks about Plaintiff not getting a lease and not being able to find a place to rent, which perhaps might indicate a possible discrimination claim. But the complaint also mentions lost income and damage to Plaintiff's property (it is unclear whether Plaintiff is referencing real property or his personal property). In sum, the Court simply cannot tell based on this complaint exactly what Plaintiff is complaining of.

For the reasons stated above, the Court denies Plaintiff's applications to proceed *in forma pauperis* and for attorney representation without prejudice. The Court also dismisses Plaintiff's complaint without prejudice. Plaintiff has thirty days from the date of this order to correct the deficiencies described above and refile these documents.

**SO ORDERED.**

Dated: 8/6/2015

_____
HARRY D. LEINENWEBER
United States District Judge